MEMORANDUM **
Jianming Dong, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals’ (“BIA”) order affirming an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, Singh v. Gonzales, 439 F.3d 1100, 1105 (9th Cir.2006), we grant the petition for review.
We have jurisdiction to review the BIA’s timeliness determination because there is no evidence contrary to his testimony that he arrived within one year of his application. See Khunaverdiants v. Mukasey, 548 F.3d 760, 765 (9th Cir.2008). It follows that the BIA erred in finding that Dong did not establish by clear and convincing evidence that he filed his asylum application within one year of his entry into the United States. See id. at 766.
The agency denied withholding of removal and CAT on adverse credibility grounds. Substantial evidence does not support the agency’s finding based upon a perceived inconsistency between Dong’s testimony that his wife received a forced *789 abortion and a hospital document prescribing an abortion for his wife, because there is no actual inconsistency between his testimony and the document. See Singh, 439 F.3d at 1106. Although the agency also found that none of Dong’s documentation had been authenticated, “[m]ere failure to authenticate documents” is not grounds for an adverse credibility finding. See Wang v. INS, 352 F.3d 1250, 1254 (9th Cir.2003).
To the extent the BIA relied on the remainder of the IJ’s adverse credibility findings, those findings are also not supported by substantial evidence. The IJ impermissibly relied upon a minor inconsistency regarding the age of Dong’s wife, see Mendoza Manimbao v. Ashcroft, 329 F.3d 655, 660 (9th Cir.2003), and speculation and conjecture regarding Dong’s termination from work, see Ge v. Ashcroft, 367 F.3d 1121, 1125 (9th Cir.2004). The IJ did not specifically address which portions of Dong’s testimony regarding his underground church involvement constituted an embellishment or an omission. See Gui v. INS, 280 F.3d 1217, 1225 (9th Cir.2002). Finally, the lack of testimony from Dong’s pastor in the United States does not support an adverse credibility finding because the testimony would have been duplicative of other corroborating evidence, and Dong-explained the pastor’s absence. Cf. Sidhu v. INS, 220 F.3d 1085, 1092 (9th Cir.2000).
We grant the petition and remand for further proceedings to determine whether, taking Dong’s testimony as true, he is eligible for asylum, withholding of removal, or CAT relief. See Soto-Olarte v. Holder, 555 F.3d 1089, 1095-96 (9th Cir.2009).
The government shall bear the costs for this petition for review.
PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.